1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Shon Morgan (Bar No. 187736)
2   (shonmorgan@quinnemanuel.com)
    John W. Baumann (Bar No. 288881)
3   (jackbaumann@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
5  Facsimile:   (213) 443-3100

6  Attorneys for Defendant Ancestry.com
   Operations Inc.

7
                  UNITED STATES DISTRICT COURT
8
                 SOUTHERN DISTRICT OF CALIFORNIA
9

| MARTA CARRERA CHAPPLE, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>ANCESTRY.COM OPERATIONS, INC., a Virginia corporation, and DOES 1-50, inclusive,<br><br>Defendants. | CASE No. '20CV1456 LAB DEB<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Diversity Jurisdiction, 28 U.S.C. §§ 1332(d)(2), 1441, 1446 and 1453] |
|---|---|

Case No.
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendant Ancestry.com Operations Inc. ("Ancestry") hereby removes this action to the United States District Court for the Southern District of California, and in support thereof, respectfully shows the Court as follows:

## STATEMENT OF THE CASE

1. Plaintiff seeks to certify a statewide class of Ancestry customers who were "(1) enrolled in a Ancestry.com membership program on or after December 1, 2010 and (2) charged for such Ancestry.com membership program" between June 24, 2016 and the present.

2. Plaintiff seeks, on behalf of herself and the purported class, restitution, injunctive relief, pre- judgment interest, attorneys' fees and costs.

3. The Class Action Complaint was filed on June 24, 2020, and is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b). Defendant has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## THE REQUIREMENTS FOR REMOVAL
## UNDER CAFA ARE SATISFIED

4. CAFA fundamentally changed the legal standards governing removal jurisdiction for class actions. Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court," on the grounds that state courts were not adequately protecting defendants against class action abuses. S. Rep. No. 109-14, at *43 (2005). Rather than emphasizing a strict constructionist view of the statute against removal jurisdiction, Congress instructed district courts to "err in favor of exercising

jurisdiction." *Id.* at 42-43; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court") (citation omitted).  As shown below, this action satisfies the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2).

5. **Class Action.**  This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B).  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.*  Plaintiff styles her complaint a "Class Action" and alleges that she brings it "individually and on behalf of all others similarly situated." Declaration of Shon Morgan ("Morgan Decl.") ¶ 2, Exh. 1 (Complaint).

6. **Diversity of Citizenship.**  At the time this lawsuit was filed and as of the date of this notice, Ancestry.com Operations Inc. was and is a Virginia corporation with its principal place of business in Utah.  Morgan Decl. ¶¶ 2, 10, Ex. 1 (Complaint at ¶ 3).  At the time of the filing of this action and as of the date of this notice, the named plaintiff, Marta Carrera Chapple, was and is a resident of San Diego, California.  Morgan Decl. ¶ 2, Ex. 1 (Complaint at ¶ 2).  Because at least one member of the proposed class is from a state other than Virginia or Utah, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is met.

7. **Amount in Controversy.**  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. 81.  Here, the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, satisfying the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2).  The Complaint seeks relief that includes:

          a. Injunctive relief;

          b. Restitution;

          c. Pre-judgment interest;

          d. Attorneys' fees and costs.

*See* Morgan Decl. ¶ 2, Exh. 1 (Complaint) at Prayer for Relief.

Plaintiff asserts three causes of action for (1) false advertising (Cal. Bus. & Prof. Code § 17600 and §17535); (2) violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750); and (3) unfair competition (Cal. Bus. & Prof. Code § 17200). *Id.* at 1. Plaintiff's purported harm is premised on allegations she and the putative class were charged automatic renewal payments for their Ancestry accounts, which purportedly "resulted in no benefit to Plaintiff." *Id.* at ¶¶ 18-19.

Plaintiff's claim under California Business and Professions Code § 17200 has a four-year statute of limitations period. *Perez v. Nidek Co.*, 657 F. Supp. 2d 1156, 1166 (S.D. Cal. 2009), *aff'd*, 711 F.3d 1109 (9th Cir. 2013) ("[C]laims under Cal. Bus. & Prof. Code § 17200 are subject to a four-year statute of limitations[.]") (quotations and citation omitted). The remedy of restitution that plaintiff seeks is available for alleged violations of section 17200. *See, e.g., Feitelberg v. Credit Suisse First Bos., LLC*, 134 Cal. App. 4th 997, 1012 (2005) ("[T]wo remedies are available to redress violations of the UCL: injunctive relief and restitution."). Plaintiff's putative class consists of individuals who were "(1) enrolled in a Ancestry.com membership program on or after December 1, 2010 and (2) charged for such Ancestry.com membership program" between June 24, 2016 and the present. Morgan Decl. ¶ 2, Exh. 1 (Complaint) at ¶ 24.

From June 2016 through June 2020 alone, Ancestry sold more than $250 million in services to California customers via auto-renewal subscriptions. An order for restitution is one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the

property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144–45 (2003). Here, plaintiffs seek "restitution of all amounts paid to [Ancestry] in connection with an automatic renewal membership program[.]" Morgan Decl. ¶ 2, Exh. 1 (Complaint) at ¶ 50 .

Accordingly, more than $250 million is at issue based on plaintiff's claim for restitution under section 17200 alone, which is far in excess of the $5 million jurisdictional threshold. Even if plaintiff were to claim she is not seeking one-hundred percent of the sales amount in restitution (contrary to her complaint's assertion she and the class seek restitution "of all amounts"), the amount in controversy would need to be reduced by more than 98% to fall below the threshold amount—courts have repeatedly rejected such unreasonable reductions in assessing the amount in controversy in CAFA removal cases. *See, e.g., Allred v. Kellogg Co.*, 2018 WL 332904, at *3 (S.D. Cal. Jan. 9, 2018) (rejecting plaintiff's argument that defendant could not assume the class members sought "a full restitution award" and holding that even if defendant's "assumptions were reduced by 50%, . . . $5 million is easily exceeded."); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 (9th Cir. 2018) (rejecting plaintiff's argument that the amount in controversy fell below the jurisdictional threshold where such argument would require the court to reduce defendant's valuation "by 99.84 percent of the original amount calculated"); *Carrera v. First Am. Home Buyers Prot. Co.*, 2013 WL 12114623, at *3 (S.D. Cal. Sept. 6, 2013) (rejecting plaintiff's argument that the amount in controversy fell below the jurisdictional threshold where such argument would require the court to reduce defendant's valuation "by over 99%").

In addition, plaintiff's Complaint seeks recovery of attorneys' fees. Although defendant does not concede this type of relief would be recoverable under the claims pleaded, attorneys' fees can be properly considered for purposes of determining CAFA jurisdiction. *See, e.g., Stern v. RMG Sunset, Inc.*, 2018 WL 2296787, at *5

(S.D. Cal. May 21, 2018) ("[T]he Court finds that Defendants have met their burden to show that Plaintiff's restitution, punitive damages, and attorney's fees exceeds $5,000,000."). With regard to attorneys' fees, "[t]wenty-five percent is the Ninth Circuit benchmark in common fund cases." *Stern*, 2018 WL 2296787 at *5. An attorneys' fees award would increase the amount in controversy to $312.5 million.[1]

8. ***Number of Proposed Class Members.*** The putative class exceeds 100 members. *See* Morgan Decl. ¶ 2, Exh. 1 (Complaint) at ¶ 27 (alleging there are "at least 100 members" in the putative class).

9. ***Timeliness.*** This removal notice is timely, as required by 28 U.S.C. § 1446(b). Defendant was served with the complaint on June 29, 2020 and files this notice within thirty days of being served with the complaint.[2]

10. ***Venue.*** The United States District Court for the Southern District of California is a federal judicial district embracing the Superior Court of the State of California in the County of San Diego, where plaintiff originally filed this suit. Venue is therefore proper under 28 U.S.C. § 1441(a).

11. ***No Exceptions Apply.*** The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply here.

---

[1] Of course, Ancestry denies that a class is the proper vehicle for plaintiff's claims, that these calculations are relevant to the amount of actual damages, or that defendant is liable for any such claims. However, "[w]hen measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. . . . The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Stern*, 2018 WL 2296787 at *5 (quotations and citations omitted).

[2] Defendants Does 1 through 50 are unnamed and unknown, and therefore have not been served with the Complaint. *See* Morgan Decl. ¶ 2, Exh. 1 (Complaint) at ¶ 4.

## THE OTHER PROCEDURAL REQUISITES
## FOR REMOVAL ARE SATISFIED

12. Ancestry has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. §§ 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court and served on defendant in the state court are attached to the Morgan Declaration, filed concurrently. Morgan Decl. ¶¶ 2-8, Exh. 1-6. Pursuant to 28 U.S.C. §§ 1446(d), a notice of filing of removal, with a copy of this notice of removal attached thereto, will be promptly filed with the clerk of the Superior Court of the State of California in the County of San Diego, Case No. 37-2020-00021807-CU-BT-CTL, and Ancestry has served a notice of filing of removal, with a copy of the notice of removal attached thereto, on plaintiff's attorneys. Copies of the notice and the certificate of service of the notice to plaintiff are attached to the Morgan Declaration. Morgan Decl. ¶ 9, Exh. 7. (A copy of this notice is not attached for the Court's convenience. Ancestry will provide it upon request.)

## CONCLUSION

Ancestry intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Ancestry prays that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that Ancestry obtain all additional relief to which it is entitled.

DATED: July 29, 2020

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By */s/ Shon Morgan*
Shon Morgan
Attorneys for Ancestry.com Operations Inc.

## CERTIFICATE OF SERVICE

1  The undersigned hereby certifies that a true and correct copy of the above and
2  foregoing document has been served on July 29, 2020 to all counsel of record who
3  are deemed to have consented to electronic service via the Court's CM/ECF system
4  per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic
5  mail, facsimile and/or overnight delivery.

Executed on July 29, 2020, at Los Angeles, California.

*/s/ Shon Morgan*
Shon Morgan