# EXHIBIT 1

JAMES T. HANNINK (131747)
jhannink@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART HANNINK & COVENEY LLP
4180 La Jolla Village Drive, Suite 530
La Jolla, California 92037-1474
Tel: 858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/24/2020** at 12:23:01 PM

Clerk of the Superior Court
By Taylor Crandall,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MARTA CARRERA CHAPPLE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | CASE NO.  37-2020-00021807-CU-BT-CTL<br><br>CLASS ACTION<br><br>COMPLAINT FOR:<br><br>(1) FALSE ADVERTISING (BASED ON VIOLATION OF THE CALIFORNIA AUTOMATIC RENEWAL LAW) [Bus. & Prof. Code, § 17600 et seq. and § 17535];<br><br>(2) VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT [Civ. Code, § 1750 et seq.]; and<br><br>(3) UNFAIR COMPETITION [Bus. & Prof. Code, § 17200 et seq.].<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

## INTRODUCTION

1.      This class action complaint alleges that defendant Ancestry.com Operations Inc. ("Ancestry.com") violates California law in connection with automatically renewing membership programs.   Among other things, Ancestry.com enrolls consumers in automatic renewal membership programs without providing the "clear and conspicuous" disclosures mandated by California law, and posts charges to consumers' credit or debit cards for purported membership charges without first obtaining the consumers' affirmative consent to an agreement containing the requisite clear and conspicuous disclosures.   This course of conduct violates the California Automatic Renewal Law (Bus. & Prof. Code, § 17600 et seq.) ("ARL"), which is part of California's False Advertising Law; the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.) ("CLRA"); and the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) ("UCL").

## THE PARTIES

2.      Plaintiff Marta Carrera Chapple ("Plaintiff") is an individual residing in San Diego County, California.

3.      Plaintiff is informed and believes and thereon alleges that defendant Ancestry.com Operations Inc. ("Ancestry.com") is a Virginia corporation.  Ancestry.com does business in San Diego County, including the marketing and sale of goods or services, including membership programs described herein.

4.      Plaintiff does not know the names of the defendants sued as DOES 1 through 50 but will amend this complaint when that information becomes known.   Plaintiff alleges on information and belief that each of the DOE defendants is affiliated in some respect with the named defendant and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of or with one or more of the other defendants.  For ease of reference, Plaintiff will refer to the named defendant and the DOE defendants collectively as "Defendants."

5.      Venue is proper in this judicial district because the complained of conduct occurred in this judicial district.

CLASS ACTION COMPLAINT

## SUMMARY OF APPLICABLE LAW

6.      In 2009, the California Legislature passed Senate Bill 340, which took effect on December 1, 2010 as Article 9 of Chapter 1 of the False Advertising Law.  (Bus. & Prof. Code, § 17600 *et seq*. (the California Automatic Renewal Law or "ARL").)  (Unless otherwise stated, all statutory references are to the Business & Professions Code).  SB 340 was introduced because:

> It has become increasingly common for consumers to complain about unwanted charges on their credit cards for products or services that the consumer did not explicitly request or know they were agreeing to. Consumers report they believed they were making a one-time purchase of a product, only to receive continued shipments of the product and charges on their credit card. These unforeseen charges are often the result of agreements enumerated in the "fine print" on an order or advertisement that the consumer responded to.

(See Exhibit 1 at p. 4.)

7.      The Assembly Committee on Judiciary provided the following background for the legislation:

> This non-controversial bill, which received a unanimous vote on the Senate floor, seeks to protect consumers from unwittingly consenting to "automatic renewals" of subscription orders or other "continuous service" offers.  According to the author and supporters, consumers are often charged for renewal purchases without their consent or knowledge.  For example, consumers sometimes find that a magazine subscription renewal appears on a credit card statement even though they never agreed to a renewal.

(See Exhibit 2 at p. 8.)

8.      The ARL seeks to ensure that, before there can be a legally-binding automatic renewal or continuous service arrangement, there must first be clear and conspicuous disclosure of certain terms and conditions and affirmative consent by the consumer.  To that end, § 17602(a) makes it unlawful for any business making an automatic renewal offer or a continuous service offer to a consumer in California to do any of the following:

a.      Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.  For this purpose, "clear and conspicuous" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other

marks, in a manner that clearly calls attention to the language." (§ 17601(c).) "In the case of an audio disclosure, 'clear and conspicuous' … means in a volume and cadence sufficient to be readily audible and understandable." (*Ibid.*) The statute defines "automatic renewal offer terms" to mean the "clear and conspicuous" disclosure of the following: (1) that the subscription or purchasing agreement will continue until the consumer cancels; (2) the description of the cancellation policy that applies to the offer; (3) the recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known; (4) the length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer; and (5) the minimum purchase obligation, if any. (Bus. & Prof. Code § 17601(b).)

b.      Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing clear and conspicuous disclosure of the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time. (Bus. & Prof. Code § 17602(a)(2).)

c.      Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. (Bus. & Prof. Code, § 17602(a)(3).) Section 17602(b) requires that the acknowledgment specified in § 17602(a)(3) include a toll-free telephone number, electronic mail address, or another "cost-effective, timely, and easy-to-use" mechanism for cancellation.

9.      If a business sends any goods, wares, merchandise, or products to a consumer under a purported automatic renewal or continuous service arrangement without first obtaining the consumer's affirmative consent to an agreement containing the "clear and conspicuous" disclosures as specified in the ARL, the goods, wares, merchandise, and/or products are deemed to be an unconditional gift to the consumer, who may use or dispose of them without any obligation

4

1 | whatsoever.  (Bus. & Prof. Code, § 17603.)  Violation of the ARL gives rise to restitution and
2 | injunctive relief under the general remedies provision of the False Advertising Law, Bus. & Prof.,
3 | Code § 17535.  (Bus. & Prof. Code, § 17604(a).)  As well, violation of the ARL gives rise to
4 | restitution and injunctive relief under the UCL.

5 | **FACTS GIVING RISE TO THIS ACTION**

6 |     10.    Through the website www.ancestry.com, Defendants offer consumers access to

7 | genealogical records, including a "free trial."  Consumers who indicate an interest in the free trial

8 | offer are presented with the following sequence of pages.

9 |     11.    The first step is for the consumer to select the "Start my free trial" button, as shown

10 | in Exhibit 3.

11 |     12.    The second step is for the consumer to select a membership tier.  Defendants offer

12 | three tiers, including "U.S. Discovery," "World Explorer," and "All Access," as shown in Exhibit

13 | 4.  In the example shown in Exhibit 4, "U.S. Discovery" is selected.  After making a selection, the

14 | consumer is invited to click on the orange button titled "Start FREE trial."

15 |     13.    The third step is for the consumer to create an account by entering name and email

16 | address information, and choosing a password, as shown in Exhibit 5.  After clicking on the "Save

17 | and Continue" button, the consumer is presented with a screen for entry of payment information,

18 | as shown on Exhibit 6, after which the consumer can click the "Proceed to checkout" button.

19 |     14.    After submission of payment information, the consumer is presented with an

20 | "Order Summary" and is invited to click the orange button titled "Order now," as shown in

21 | Exhibit 7.

22 |     15.    Then, after submission of the order, the consumer is presented with a confirmation

23 | page, entitled "Thank you for your order!," as shown in Exhibit 8.

24 |     16.    For the reasons explained below, Defendants do not provide consumers with

25 | automatic renewal disclosures in the manner required by California law.

26 | **PLAINTIFF'S TRANSACTION WITH DEFENDANTS**

27 |     17.    In or about February 2020, Plaintiff went on the Ancestry.com website intending to

28 | locate information regarding her relatives.  Plaintiff decided to request the "Free Trial" and, to that

5

end, Plaintiff went through the sequence of pages described above.  Plaintiff selected the "World Explorer" tier.  When Plaintiff entered her credit card details and accepted the Free Trial, Plaintiff believed that upon expiration of the 14-day free trial period, her credit card would be charged for for a single month in the amount of $39.99.  On February 14, 2020, posted a charge of $39.99 to Plaintiff's credit card.

18.   When Plaintiff entered her credit card details and accepted the Free Trial, Plaintiff was not aware that Defendants were going to enroll her in a subscription that would automatically renew from one month to the next and for which additional charges would be posted to Plaintiff's credit card.  Nevertheless, in March 2020, and again in April 2020, Defendants posted additional charges of $39.99 to Plaintiff's credit card.

19.   The charges posted by Defendants to Plaintiff's credit card in March and April 2020 resulted in no benefit to Plaintiff.

20.   If Plaintiff had known that Defendants were going to enroll her in an automatically renewing program that would result in additional charges being posted to her credit card, Plaintiff either would not have submitted her credit card information to Defendants or would have cancelled so as to avoid any charges to her credit card during or after March 2014.

**DEFENDANTS' DECEPTION OF CONSUMERS**

21.   Plaintiff is not the only consumer to be victimized by Defendants in connection an Ancestry.com membership program.   There are hundreds of customer complaints about Ancestry.com posted on various consumer websites, including but not limited to the Better Business Bureau ("BBB"), Yelp, ConsumerAffairs, and Ripoff Report.[1]   Illustrative complaints reported by the Better Business Bureau are set forth (verbatim) below:

**Antonio (May 10, 2020).**  Ancestry.com FREE TRIAL IS A SCAM Credit card information.  I signed up for a "Free" week trial, i cancelled my subscription. i was

---

[1] Better Business Bureau reviews are available at https://www.bbb.org/us/ut/lehi/profile/-genealogy/ancestrycom-1166-2003190/complaints (as of June 24, 2020); Yelp reviews are available at https://www.yelp.com/biz/ancestry-provo (as of June 24, 2020); ConsumerAffairs reviews are available at https://www.consumeraffairs.com/online/ancestry.html (as of June 24, 2020); Ripoff Report reviews are available at https://www.ripoffreport.com/reports/specific_search/ancestry.com (as of June 24, 2020).

CLASS ACTION COMPLAINT

charged regardless of having cancelled the subscription(AND ITS A REOCURING CHARGE), on top of that i got an overdraft fee because i wasn't expecting a charge that I didn't make DONT TRUST ANCESTRY.COM WITH YOUR CREDITCARD SCAM

A true and correct printout of that complaint is attached as Exhibit 9.

**Billing/Collection Issues (May 5, 2020).** For two years, I have just discovered, a charge has been made to my bank account for something called ANC archives.com. Research showed me this is some kind of charge from ancestry.com and I have never agreed to it. I have cancelled my debit card so that they can no longer charge me but I have been charged $ 10.78 per month since January of 2019.

A true and correct printout of that complaint is attached as Exhibit 10.

**Billing/Collection Issues (April 29, 2020).** I was not notified that my subscription was going to be renewed and I do not authorize this use of my American express card by this company. I notified the company immediately upon seeing the charge on my account. Upon contact, the merchant refused to provide a refund. At no point did I sign, agree, accept any terms and conditions that would not allow me to cancel a subscription within a reasonable time frame. I cannot even remember the last time I used their services and their refusal to provide a refund after timely discovery of their charge is disgusting. **** *******

A true and correct printout of that complaint is attached as Exhibit 11.

**Billing/Collection Issues (April 23, 2020).** Last year I signed up for a trial to ancestry.com. Within the cancellation period, I cancelled it. After this point, I have never accessed or used their website - their login information should show that. I have also never received any sort of communication from their company, whether saying I have a subscription, an invoice, or any other email. Yet they started charging my credit card 19.99 every month between Aug, 2019 through April 2020. I have tried to cancel it again and hopefully this stops charging the credit card. The customer service rep said that she agreed but she was unable to do anything and herself recommended that I dispute with the credit card company (which is difficult right now due to decreased staff during this time). I also searched online and this issue has been faced by many customers, including many here on BBB website.

A true and correct printout of that complaint is attached as Exhibit 12.

**Billing/Collection Issues (April 20, 2020).** I recently notice a charge on my credit card for a service I had not purchased. When I contacted my bank they told me the same amount had been charged to my account 5 times. I only notice the charge because my account was at a zero balance this month and knew I had not made any additional charges. I visited Ancestry.com in December but did not join, nor did I request any information from the ANC Archives.com ... since I am not of African decent. After some research I found that others had been charged $9.99 from this entity and had not requested their services. I believe this is a fraudulent company hacking people who visit Ancestry.com

A true and correct printout of that complaint is attached as Exhibit 13.

/ / /

CLASS ACTION COMPLAINT

**Billing/Collection Issues** (April 17, 2020). Without notice they charged my Paypal account $104 for a renewal of service. I never signed up for any annual service. I only used their dna kit. As soon as they charged me without notice, I contacted them well within the 7 day period. They waiting till the full seven days had passed before reaching back to me to say they do not issue refunds. This company is a scam. How do you get away with charging people for services they will never perform. They still refuse to refund me and I am seeking legal remedy as well. Avoid this company at all cost.

A true and correct printout of that complaint is attached as Exhibit 14.

**Problems with Product/Service (April 16, 2020).** I have been charged several months from a bogus company called anc.ancestry.com this is a service I did not sign up for so some how they hacked my credit card number and started charging me $9.99 a month. I contact the bbb in Utah and feel they weren't much help to get my money back. I've been scammed and I feel I'm not being helped as a victim or fraud.

A true and correct printout of that complaint is attached as Exhibit 15.

**Billing/Collection Issues (April 3, 2020).** While reviewing my bank statement I saw a charge to Ancestry that I did not authorize. I have NEVER been an Ancestry customer or took part in any free trials. My husband tried the free trial many years ago (5/2016) although, cancelled it within the specified time frame. Therefore, the company had our information at one time. I provided the customer service representative my husband's demographics at the time of his free trial - she claimed that she did not have any record of him. She verified that we both do not have an account but, when asked to credit my account for $107.29 she REFUSED to do so. I spent hours on the phone to rectify this problem and did not get anywhere. I informed the customer Representative that I am reporting them to the BBB. ******** ***** ******* on behalf of ***** *******

A true and correct printout of that complaint is attached as Exhibit 16.

22.     Consumer complaints about Ancestry.com posted on the Ripoff Report website describe similar experiences. For example:

**Stan. Ancestry I never authorized anyone to auto renewal, but Ancestry.com does anyway. It's their policy to grab you for $149.00 every 6 months! (March 23, 2020).** I purchased a 6 month trial offer from Ancestry.com, March 2019, paid for by credit card, I requested not to keep the card on file and I never authorize automatic renewals. I was renewed in Sept 2019, I didn't catch it on my statement (my bad), was again renewed March 2020. Caught it!

Of course they won't refund me for the Sept renewal even though I didn't used it. No one should have to be auto renewed by ant company regardless of product especially when they requested not to be!

A true and correct printout of that complaint is attached as Exhibit 17.

/ / /

/ / /

8

23.     A consumer complaint about Ancestry.com posted on the ConsumerAffairs website describes a similar experience:

> **Tim. Chula Vista, California (November 7, 2019).**  Signed up for one month to confirm results made by another DNA lab, results were the same so I canceled the account only to find Ancestry debited my account for another month.  Contacted Ancestry by phone (what a experience).  Automated system could not find my account even after submitting 3X.  Finally was transferred to someone who claims he couldn't find my cancellation, which was confirmed by an email from Ancestry trying to keep me active (save this email, you will need it).  After 18 minutes on the phone I was given a confirmation number that confirms my account being cancelled... (TBD).

A true and correct printout of that complaint is attached as Exhibit 18.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this lawsuit as a class action under Code of Civil Procedure § 382 on behalf of the following Class: "All individuals in California who were (1) enrolled in a Ancestry.com membership program on or after December 1, 2010 and (2) charged for such Ancestry.com membership program within the applicable statute of limitations.  Excluded from the Class are all employees of Defendants, all employees of Plaintiff's counsel, and the judicial officers to whom this case is assigned."

25.     <u>Ascertainability</u>.  The members of the Class may be ascertained by reviewing records in the possession of Defendants and/or third parties, including without limitation Defendants' marketing and promotion records, customer records, and billing records.

26.     <u>Common Questions of Fact or Law</u>.  There are questions of fact or law that are common to the members of the Class, which predominate over individual issues.  Common questions regarding the Class include, without limitation: (1) Whether Defendants present all statutorily-mandated automatic renewal offer terms in a manner that is clear and conspicuous within the meaning of California law and in visual proximity to a request for consent to the offer; (2) Defendants' policies, practices and procedures for obtaining affirmative consent from customers before charging a credit card, debit card, or third-party payment account; (3) whether Defendants provide consumers with an acknowledgment that includes clear and conspicuous disclosure of all automatic renewal offer terms, the cancellation policy, and information regarding

CLASS ACTION COMPLAINT

a mechanism for cancellation that is cost-effective, timely, and easy to use; (4) Defendants' record-keeping practices; and (5) the appropriate remedies for Defendants' conduct.

27.    <u>Numerosity</u>.   The Class is so numerous that joinder of all Class members would be impracticable.   Plaintiff is informed and believes and thereon alleges that the Class consists of at least 100 members.

28.    <u>Typicality and Adequacy</u>.   Plaintiff's claims are typical of the claims of the Class members.   Plaintiff alleges on information and belief that Defendants enrolled her and other Class members in automatic renewal or continuous service programs without disclosing all automatic renewal offer terms required by law, and without presenting such terms in the requisite clear and conspicuous manner; charged Plaintiff's and Class members' credit cards, debit cards, or third-party accounts without first obtaining affirmative consent to an agreement containing clear and conspicuous disclosure of all automatic renewal offer terms; and failed to provide the requisite acknowledgment with the required disclosures.   Plaintiff has no interests that are adverse to those of the other Class members.   Plaintiff will fairly and adequately protect the interests of the Class members.

29.    <u>Superiority</u>.   A class action is superior to other methods for resolving this controversy.   Because the amount of restitution to which each Class member may be entitled is low in comparison to the expense and burden of individual litigation, it would be impracticable for Class members to redress the wrongs done to them without a class action forum.   Furthermore, on information and belief, Class members do not know that their legal rights have been violated. Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments.

30.    <u>Risk of Inconsistent or Varying Adjudications</u>.   Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.   As a practical matter, adjudication with respect to individual Class members would be also dispositive of the interests of others not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

10

CLASS ACTION COMPLAINT

31.    <u>Defendants Have Acted on Grounds Generally Applicable to the Class</u>.  Defendants have acted on grounds that are generally applicable to each Class member, thereby making appropriate final injunctive relief and/or declaratory relief with respect to the Class as a whole.

## **FIRST CAUSE OF ACTION**

False Advertising – Based on Violation of the California Automatic Renewal Law

(Bus. & Prof. Code, § 17600 et seq. and § 17535)

32.    Plaintiff incorporates the previous allegations as though fully set forth herein.

33.    Plaintiff is informed and believes and thereon alleges that, during the applicable statute of limitations period, Defendants have enrolled consumers, including Plaintiff and Class members, in an automatic renewal program or continuous service program and have violated the ARL by, among other things, (a) failing to present automatic renewal offer terms in a clear and conspicuous manner before a subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to a request for consent to the offer; (b) charging the consumer's credit card, debit card, or third-party payment account for an automatic renewal without first obtaining the consumer's affirmative consent to an agreement containing clear and conspicuous disclosure of all automatic renewal offer terms; and (c) failing to provide an acknowledgment that includes clear and conspicuous disclosure of all automatic renewal offer terms, the cancellation policy, and information regarding a mechanism for cancellation that is cost-effective, timely, and easy to use, all in violation of § 17602(a) and (b).

34.    Plaintiff has suffered injury in fact and lost money as a result of Defendants' violations of the ARL.

35.    Pursuant to Bus. & Prof. Code § 17535, Plaintiff and Class members are entitled to restitution of all amounts that Defendants charged to Plaintiff's and Class members' credit cards, debit cards, or third-party payment accounts in connection with an automatic renewal membership program during the four years preceding the filing of this Complaint and continuing until Defendants' statutory violations cease.

36.    Unless enjoined and restrained by this Court, Defendants will continue to commit the violations alleged herein.  Pursuant to § 17535, on behalf of the Class and for the benefit of the

CLASS ACTION COMPLAINT

1  general public of the State of California, Plaintiff seeks an injunction prohibiting Defendants from

2  continuing their unlawful practices as alleged herein.

3  <div align="center">**SECOND CAUSE OF ACTION**</div>

4  <div align="center">Violation of the California Consumers Legal Remedies Act</div>

5  <div align="center">(Civ. Code, § 1750 et seq.)</div>

6       37.     Plaintiff incorporates the allegations of paragraphs 1-31 as though set forth herein.

7       38.     Plaintiff is a "consumer" within the meaning of Civil Code § 1761(d) in that

8  Plaintiff sought or acquired Defendants' goods and/or services for personal, family, or household

9  purposes.

10       39.     Defendants' membership programs pertain to "goods" or "services" within the

11  meaning of Civil Code § 1761(a) and (b).

12       40.     The payments by Plaintiff and Class members are "transactions" within the

13  meaning of Civil Code § 1761(e).

14       41.     Defendants have violated Civil Code § 1770, subdivisions (a)(5), (9), and (14), by

15  representing that Defendants' goods or services have characteristics that they do not have;

16  advertising goods and services with the intent not to sell them as advertised; and representing that

17  a transaction confers or involves rights, remedies, or obligations that it does not have or involve,

18  or that are prohibited by law.

19       42.     Unless enjoined and restrained by this Court, Defendants will continue to commit

20  the violations alleged herein.  Pursuant to Civil Code § 1780(a)(2), on behalf of the Class and for

21  the benefit of the general public of the State of California, Plaintiff seeks an injunction prohibiting

22  Defendants from continuing their unlawful practices as alleged herein.

23  <div align="center">**THIRD CAUSE OF ACTION**</div>

24  <div align="center">Violation of the California Unfair Competition Law</div>

25  <div align="center">(Bus. & Prof. Code, § 17200 et seq.)</div>

26       43.     Plaintiff incorporates the previous allegations as though fully set forth herein.

27

28

<div align="center">12</div>

44.     The Unfair Competition Law defines unfair competition as including any unlawful, unfair, or fraudulent business act or practice; any unfair, deceptive, untrue, or misleading advertising; and any act of false advertising under § 17500.  (Bus. & Prof. Code, § 17200.)

45.     In the course of conducting business in California within the applicable limitations period, Defendants committed unlawful, unfair, and/or fraudulent business practices, and engaged in unfair, deceptive, untrue, or misleading advertising, by, inter alia and without limitation: (a) failing to present automatic renewal offer terms in a clear and conspicuous manner before a subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to a request for consent to the offer, in violation of § 17602(a)(l); (b) charging the consumer's credit card, debit card, or third-party payment account in connection with an automatic renewal without first obtaining the consumer's affirmative consent to an agreement containing clear and conspicuous disclosures of all automatic renewal offer terms, in violation of § 17602(a)(2); (c) failing to provide an acknowledgment that includes clear and conspicuous disclosure of all required automatic renewal offer terms, the cancellation policy, and information regarding a cancellation mechanism that is cost-effective, timely, and easy-to-use, in violation of § 17602(a)(3); (d) representing that Defendants' goods or services have certain characteristics that they do not have, in violation of Civil Code § 1770(a)(5); (e) advertising goods and services with the intent not to sell them as advertised, in violation of Civil Code § 1770(a)(9); and (f) representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law, in violation of Civil Code § 1770(a)(14).  Plaintiff reserves the right to identify other acts or omissions that constitute unlawful, unfair or fraudulent business acts or practices, unfair, deceptive, untrue or misleading advertising, and/or other prohibited acts.

46.     Defendants' acts and omissions as alleged herein violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

47.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

48.    Defendants' acts, omissions, nondisclosures, and statements as alleged herein were and are false, misleading, and/or likely to deceive the consuming public.

49.    Plaintiff has suffered injury in fact and lost money as a result of Defendants' acts of unfair competition.

50.    Pursuant to § 17203, Plaintiff and the Class members are entitled to restitution of all amounts paid to Defendants in connection with an automatic renewal membership program in the four years preceding the filing of this Complaint and continuing until Defendants' acts of unfair competition cease.

51.    Unless enjoined and restrained by this Court, Defendants will continue to commit the violations alleged herein.  Pursuant to § 17203, on behalf of the Class and for the benefit of the general public of the State of California, Plaintiff seeks an injunction prohibiting Defendants from continuing their unlawful practices as alleged herein.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

On the First Cause of Action (False Advertising – Based on Violation of the ARL):

1.    For restitution;

2.    For injunctive relief, including a public injunction for the benefit of the People of the State of California;

On the Second Cause of Action (Violation of the CLRA):

3.    For injunctive relief, including a public injunction for the benefit of the People of the State of California;

4.    For reasonable attorneys' fees, pursuant to Civil Code § 1780(e);

On the Third Cause of Action (Unfair Competition):

5.    For restitution;

6.    For injunctive relief, including a public injunction for the benefit of the People of the State of California;

CLASS ACTION COMPLAINT

On All Causes of Action:

7.     For reasonable attorneys' fees, pursuant to Code of Civil Procedure § 1021.5;

8.     For costs of suit;

9.     For pre-judgment interest; and

10.    For such other relief as the Court may deem just and proper.

Dated:  June 24, 2020                          DOSTART HANNINK & COVENEY LLP

_____
ZACH P. DOSTART
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable.

Dated:  June 24, 2020                          DOSTART HANNINK & COVENEY LLP

_____
ZACH P. DOSTART
Attorneys for Plaintiff

917742.4

CLASS ACTION COMPLAINT

Exhibit 1

**SENATE JUDICIARY COMMITTEE**
**Senator Ellen M. Corbett, Chair**
**2009-2010 Regular Session**

SB 340
Senator Yee
As Amended April 2, 2009
Hearing Date: April 14, 2009
Business and Professions Code
ADM:jd

## SUBJECT

Advertising:  Automatic Renewal Purchases

## DESCRIPTION

This bill would require, in any automatic renewal offer, a business to clearly and conspicuously state the automatic renewal offer terms and obtain the customer's affirmative consent to those terms before fulfilling any subscription or purchasing agreement on an automatic renewal basis.  This bill would also require all marketing materials to clearly and conspicuously display a toll-free telephone number, if available, telephone number, postal address, or electronic mechanism the customer could use for cancellation.

This bill would require the order form to clearly and conspicuously disclose that the customer is agreeing to an automatic renewal subscription or purchasing agreement.

This bill would impose similar requirements for any automatic renewal offer made over the telephone or on an Internet Web page.

(This analysis reflects author's amendments to be offered in committee.)

## BACKGROUND

Current consumer protection statutes do not address automatic renewal clauses or provisions in subscriptions or purchasing agreements.  Senate Bill 340 is intended to close this gap in the law.

When some businesses began using automatic renewals for subscriptions and purchase agreements for products and services, consumer complaints began to surface regarding those automatic renewals.  Consumers complained that they were unaware of and had

Exhibit 1
Page 1

(800) 666-1917

LEGISLATIVE INTENT SERVICE

not requested the automatic renewals until they either received a bill or a charge on their credit card.

An example of this problem is illustrated by the Time, Inc. (Time) case.  After receiving numerous consumer complaints, the Attorneys General of 23 states, including California, launched an investigation into Time's automatic renewal subscription offers.  In 2006, the investigation resulted in a settlement agreement between the Attorneys General and Time that includes a number of reforms to automatic renewals that Time sends to their customers.  Those reforms include, among others, expanded disclosure requirements and customers' affirmative consent to automatic renewals.  (*See* Comment 2 for details.)

## CHANGES TO EXISTING LAW

Existing law, the Unfair Competition Law (UCL), provides that unfair competition means and includes any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, and any act prohibited by the False Advertising Act (FAA).  (Bus. & Prof. Code Sec. 17200 et seq.)

Existing law, the FAA, includes the following:
- prohibits any person with the intent, directly or indirectly, to dispose of real or personal property, to perform services, or to make or disseminate or cause to be made or disseminated to the public any statement concerning that real or personal property that is untrue or misleading and known or should be known to be untrue or misleading; and
- prohibits any person from making or disseminating any untrue or misleading statement as part of a plan or scheme with the intent not to sell that personal property or those services at the stated or advertised price.  (Bus. & Prof. Code Sec. 17500.)

Existing law provides that any violation of the FAA is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine of $2,500, or by both.  (Bus. & Prof. Secs. 17500, 17534.)

Existing law provides that any person who violates any provision of the FAA is liable for a civil penalty not to exceed $2,500 for each violation that must be assessed and recovered in a civil action by the Attorney General or by any district attorney, county counsel, or city attorney.  (Bus. & Prof. Code Sec. 17536.)

Existing law provides that a person who has suffered injury in fact and has lost money or property as a result of unfair competition may bring a civil action for relief.  (Bus. & Prof. Code Sec. 17204.)

Existing law provides for injunctive relief, restitution, disgorgement, and civil penalties.  (Bus. & Prof. Code Secs. 17203, 17206.)

(800) 666-1917

LEGISLATIVE INTENT SERVICE

Exhibit 1
Page 2

SB 340 (Yee)
Page 3 of 7

<u>This bill</u> would require all printed marketing materials containing an offer with an automatic renewal term to comply with the following: the customer's agreement to the automatic renewal offer must be obtained in accordance with either (1) or (2) below so that the customer is given the opportunity to expressly consent to the offer:

1.      All automatic renewal offer terms must appear on the order form in immediate proximity to the area on the form where the customer selects the subscription or purchasing agreement billing terms or where the subscription or purchasing agreement billing terms are described; the order form must clearly and conspicuously disclose that the customer is agreeing to an automatic renewal subscription or purchasing agreement; and the automatic renewal offer terms must appear on materials that can be retained by the customer.

2.      Both of the following:
a.  on the front of the order form, the marketing materials must (i) refer to the subscription or purchasing agreement using the term "automatic renewal" or "continuous renewal," (ii) clearly and conspicuously state that the customer is agreeing to the automatic renewal, and (iii) specify where the full terms of the automatic renewal offer may be found; and
b.  the marketing materials must clearly and conspicuously state the automatic renewal offer terms presented together preceded by a title identifying them specifically as the "Automatic Renewal Terms," "Automatic Renewal Conditions," "Automatic Renewal Obligations," or "Continuous Renewal Service Terms," or other similar description.

<u>This bill</u> would require all marketing materials that offer an automatic renewal, when viewed as a whole, to clearly and conspicuously disclose the material terms of the automatic renewal offer and must not misrepresent the material terms of the offer.

<u>This bill</u> would require an automatic renewal to clearly and conspicuously describe the cancellation policy and how to cancel, including, but not limited to, a toll-free telephone number, if available, telephone number, postal address, or electronic mechanism on the Internet Web page or on the publication page of the printed materials.

<u>This bill</u> would require, in any automatic renewal offer made over the telephone, a business to clearly and conspicuously state the automatic renewal terms prior to obtaining a customer's consent and payment information.  The business must obtain a clear affirmative statement from the customer agreeing to the automatic renewal offer terms and must send a written acknowledgement that contains the toll-free number, if available, telephone number, postal address, or electronic mechanism for cancellation.

<u>This bill</u> would require, in any automatic renewal offer made on an Internet Web page, the business to clearly and conspicuously disclose the automatic renewal offer terms prior to the button or icon on which the customer must click to submit the order.  In any automatic renewal offer made on an Internet Web page where the automatic renewal terms do not appear immediately above the submit button, the customer must be required to affirmatively consent to the automatic renewal offer terms.  The automatic

Exhibit 1
Page 3

renewal terms must be preceded by a title identifying them as the "Automatic Renewal Terms," "Automatic Renewal Conditions," "Automatic Renewal Obligations,""Continuous Renewal Service Terms," or other similar description.

<u>This bill</u> would require, in any automatic renewal offer, a business to clearly and conspicuously state the automatic renewal offer terms and obtain the customer's affirmative consent to those terms before fulfilling any subscription or purchasing agreement on an automatic renewal basis and all marketing materials that offer an automatic renewal subscription or purchasing agreement must clearly and conspicuously display the cancellation policy and how to cancel.

<u>This bill</u> would provide that no business may represent that a product is "free" if the cost of the product is incorporated in the price of the accompanying item purchased under automatic renewal conditions.

<u>This bill</u> would provide that a violation of the bill's provisions would not be a crime, but all applicable civil remedies would be available.

<u>This bill</u> would define key terms, including "automatic renewal" and "automatic renewal terms." (*See* Comment 4.)

## **COMMENT**

1. <u>Stated need for the bill</u>

The author writes:

> It has become increasingly common for consumers to complain about unwanted charges on their credit cards for products or services that the consumer did not explicitly request or know they were agreeing to. Consumers report they believed they were making a one-time purchase of a product, only to receive continued shipments of the product and charges on their credit card. These unforeseen charges are often the result of agreements enumerated in the "fine print" on an order or advertisement that the consumer responded to. The onus falls on the consumer to end these product shipments and stop the unwanted charges to their credit card.

A widespread instance of these violations resulted in the 2006 Time, Inc. case, in which Time settled a multi-state investigation into its automatic renewal offers and solicitations. The states launched their probe after receiving complaints from consumers that Time was billing them or charging their credit cards for unwanted magazine subscriptions. The states' investigation found that these mail solicitations misled some consumers into paying for unwanted or unordered subscriptions.

Exhibit 1
Page 4

(800) 666-1917

LEGISLATIVE INTENT SERVICE

2. <u>Time's Assurance of Voluntary Compliance or Discontinuance (Assurance) with Attorneys General; SB 340 modeled after the Assurance</u>

The Attorneys General of 23 states (States), including California, investigated Time's automatic renewal subscription offers.  Time publishes over 150 magazines worldwide, including Time, People, Sports Illustrated, This Old House, Entertainment Weekly, Fortune, and Popular Science.  Time required customers to notify it if they did not want a subscription renewal; otherwise Time charged customers' credit cards or billed customers.  The automatic renewal terms replaced "the industry's prior practice of offering limited-term subscriptions that were renewed at the Customer's affirmative election."  The States investigated:

> [W]hether the [automatic renewal] terms were clearly and adequately disclosed; whether the Customer was given an opportunity to expressly consent to the offer; whether the Customer was likely to believe the purchase was for a limited-term subscription, rather than an automatically renewed subscription; whether Customers were subsequently informed of the activation of an Automatic Renewal, and, if so, the manner in which they were so informed; the manner by which Customers were billed or charged; and how Time sought to collect payments for charges resulting from an Automatic Renewal.  (Matters Investigated set forth in the Assurance.)

As a result of the investigation, in 2006, the States reached a settlement agreement – the Assurance – with Time.  In the Assurance, Time agreed to:
- provide clear and conspicuous disclosures to consumers concerning all the material terms for automatic subscription renewals and, for the next five years, provide consumers the option to affirmatively choose an automatic renewal option and Time will send those consumers who have chosen an automatic subscription renewal written reminders, including information on the right and procedure to cancel;
- honor all requests to cancel subscriptions as soon as reasonably possible and to provide refunds to consumers charged for magazines they did not order;
- stop mailing solicitations to consumers for subscriptions that resemble bills, invoices, or statements of amounts due; and
- not submit unpaid accounts of automatic renewal customers for third party collection.

Time also agreed to refund to customers up to $4.3 million, which included up to $828,463 to 20,238 eligible California consumers, approximately $41 per consumer.  Senate Bill 340 is modeled in large part after the Assurance.

3. <u>Remedies available under the bill</u>

Senate Bill 340 would provide that a violation of its provisions would not be a crime, but all applicable civil remedies would be available.

Exhibit 1
Page 5

(800) 666-1917

LEGISLATIVE INTENT SERVICE

Under the FAA, any person who violates any provision of the FAA is liable for a civil penalty not to exceed $2,500 for each violation that must be assessed and recovered in a civil action by the Attorney General or by any district attorney, county counsel, or city attorney.  Under the UCL, a private party may bring a civil action for injunctive relief and/or for restitution of profits that the defendant unfairly obtained from that party. However, the party must have suffered injury in fact and lost money or property.

4.  Key terms defined

This bill would define the following key terms:
   a.  "Automatic renewal" would mean a plan or agreement in which a subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term.
   b.  "Automatic renewal offer terms" would mean the following clear and conspicuous disclosure:
   • that the subscription or purchasing agreement will continue unless the customer notifies the business to stop;
   • that the customer has the right to cancel;
   • that the customer will be billed, credit card charged, or other appropriate description of the payment method depending on the method described to the customer, or chosen by the customer on the front of the order form, and that the bill, charge, or other payment method will take place before the start of each new automatic renewal term;
   • the length of the automatic renewal term or that the renewal is continuous, unless the length of the term is chosen by the customer;
   • that the price paid by the customer for future automatic renewal terms may change; and
   • the minimum purchase obligation, if any.
   c.  "Clear and conspicuous" or "clearly and conspicuously" would mean a statement or  communication, written or oral, presented in a font, size color, location, and contrast against the background in which it appears, compared to the other matter which is presented, so that it is readily understandable, noticeable, and readable.
   d.  "Marketing materials" would include any offer, solicitation, script, product description, publication, or other promotional materials, renewal notice, purchase order device, fulfillment material, or any agreement for the sale or trial viewing of products that are delivered by mail, in person, television or radio broadcast, e-mail, Internet, Internet Web page, or telephone device, or appearing in any newspaper or magazine or on any insert thereto, or Internet link or pop-up window.

5.  Recording of telephone automatic renewal offers

Assembly Bill 88 (Corbett, Ch. 77, Stats. 2003) incorporated into state law a rule adopted by the Federal Trade Commission intended to protect consumers from "abusive" telemarketing practices.  The rule requires, among other things, that telemarketers make

Exhibit 1
Page 6

LEGISLATIVE INTENT SERVICE   (800) 666-1917

and maintain an audio recording of all telephone solicitations.  (Telemarketing Sales Rule, 16 C.F.R. Part 310, 310.4(a)(6)(i), and 310.5(a)(5), effective March 31, 2009.)

The author may want to consider requiring that telephone automatic renewal offers be audio recorded and that the recording be maintained.

6.  <u>Author's amendments</u>

On page 3, line 17, insert:
(c)  "Continuous renewal" means a plan or arrangement in which a subscription or purchasing agreement is continuously renewed until the customer cancels the renewal.

On page 3, line 19, delete (c) and insert (d).

On page 3, line 34, delete (d) and insert (e).

On page 3, line 36, delete (e) and insert (f).

On page 4, line 4, insert (f).

On page 4, line 5, insert:
(g) All automatic renewal provisions in this article shall apply to continuous renewals.


<u>Support</u>:  California Public Interest Research Group; Consumer Federation of California; American Federation of State, County and Municipal Employees; California Alliance for Consumer Protection

<u>Opposition</u>:  None Known

<div align="center">**<u>HISTORY</u>**</div>

<u>Source</u>:  Author

<u>Related Pending Legislation</u>:  None Known

<u>Prior Legislation</u>:  None Known

<div align="center">\*\*\*\*\*\*\*\*\*\*\*\*</div>



Exhibit 1
Page 7

Exhibit 2

Date of Hearing:  June 30, 2009

ASSEMBLY COMMITTEE ON JUDICIARY
Mike Feuer, Chair
SB 340 (Yee) – As Amended: June 24, 2009

PROPOSED CONSENT (As Proposed to be Amended)

SENATE VOTE:  37-0

SUBJECT:  AUTOMATIC RENEWAL AND CONTINUOUS SERVICE OFFERS

KEY ISSUE:  SHOULD A BUSINESS THAT MARKETS A PRODUCT WITH AN
"AUTOMATIC RENEWAL OFFER" BE REQUIRED TO CLEARLY AND
CONSPICUOUSLY DISCLOSE RENEWAL TERMS AND CANCELLATION POLICIES,
AND TO OBTAIN THE CUSTOMER'S AFFIRMATIVE CONSENT TO AN AUTOMATIC
RENEWAL?

FISCAL EFFECT:  As currently in print this bill is keyed non-fiscal.

## SYNOPSIS

*This non-controversial bill, which received a unanimous vote on the Senate floor, seeks to protect consumers from unwittingly consenting to "automatic renewals" of subscription orders or other "continuous service" offers.  According to the author and supporters, consumers are often charged for renewal purchases without their consent or knowledge.  For example, consumers sometimes find that a magazine subscription renewal appears on a credit card statement even though they never agreed to a renewal.  Indeed, this problem led 23 state attorneys general to launch an investigation of Time, Inc., in response to claims that the company used deceptive practices in signing up customers for automatic subscription renewals. As part of a settlement of this dispute, Time agreed to institute new practices so that customers are fully aware of and affirmatively consent to automatic renewals.  This bill, following the lead of the Times' settlement, would require that renewal terms and cancellation policies be clearly and conspicuously presented to the consumer, whether the offer is made on printed material or through a telephone solicitation.  In addition, the bill would require that the consumer make some affirmative acknowledgement before an order with an automatic renewal can be completed.  Finally, the bill specifies that violation of the bill's provisions do not constitute a crime.  The author has worked closely with affected business interests and has made several amendments that appear to address all stakeholders' concerns.  There is no registered opposition to the bill.*

SUMMARY:  Requires any business making an "automatic renewal" or "continuous service" offer to clearly and conspicuously, as defined, disclose terms of the offer and obtain the consumer's affirmative consent to the offer.  Specifically, this bill:

1)  Makes it unlawful for any business making an automatic renewal offer or a continuous service offer to a consumer to do any of the following:



Exhibit 2
Page 8

a) Fail to present the offer terms in a clear and conspicuous manner, as defined, before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

b) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service offer without first obtaining the consumer's affirmative consent.

c) Fail to provide automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.  If the offer includes a free trial, the business shall disclose how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

2) Requires a business making automatic renewal or continuous service offers to provide a toll-free telephone number, electronic mail address, a postal address if the seller directly bills the customer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the written acknowledgment.

3) Specifies that in the case of a material change in the terms of an automatic renewal or continuous service offer that has been accepted by the consumer, the business shall provide the consumer with a clear and conspicuous notice of the material change and provide information regarding how to cancel in a manner that is capable of being retained by the consumer.

4) Specifies that the requirements of this bill shall only apply to the completion of the initial order for the automatic renewal or continuous service, except as provided.

5) Provides that in any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service or automatic renewal, without first obtaining the consumer's affirmative consent, in the manner required by this bill, then the goods, wares, merchandise, or products shall be deemed an unconditional gift to the consumer, and the business shall bear any shipping or other related costs.

6) Provides that violation of the provisions of this bill shall not be a crime, but that all civil remedies that apply to a violation may be employed.  Specifies, however, that if a business complies with the provisions of this bill in good faith, it shall not be subject to civil remedies.

7) Exempts from the provisions of this bill any service provided by certain businesses or entities, including those regulated by the California Public Utilities Commission, the Federal Communication Commission, or the Federal Energy Regulatory Commission.

<u>EXISTING LAW</u>:

1) Provides, under the Unfair Competition Law (UCL), that unfair competition includes any unlawful, unfair, or fraudulent business act or practice, including any unfair, deceptive, or untrue advertising, or any act prohibited by the False Advertising Act (FAA).  (Business & Professions Code Section 17200 *et seq*.)

2) Prohibits any person with the intent, directly or indirectly, to sell any goods or services by making or disseminating statements that the person knows, or should know, to be untrue or misleading, and prohibits any person from making or disseminating any untrue or misleading



LEGISLATIVE INTENT SERVICE          (800) 666-1917

Exhibit 2
Page 9

statement as part of a plan or scheme to sell goods or services at other than the stated or advertised price.  (Business & Professions Code section 17500.)

3) Provides that any violation of the FAA is a misdemeanor.  (Business & Professions Code sections 17500, 17534.)

4) Provides that any person who violates any provision of the FAA is liable for a civil penalty not to exceed $2,500 for each violation that must be assessed and recovered in a civil action by the Attorney General or by any district attorney, county counsel, or city attorney. (Business & Professions Code section 17536.)

5) Provides that a person who has suffered injury in fact and has lost money or property as a result of unfair competition may bring a civil action for relief.  (Business & Professions Code section 17204.)

6) Provides for injunctive relief, restitution, disgorgement, and civil penalties for FAA violations.  (Business & Professions Code sections 17203, 17206.)

COMMENTS:  This non-controversial bill is a response to reported consumer complaints that certain businesses, especially those offering magazine subscriptions or other potentially continuous services, lure customers into signing up for "automatic renewals" without the consumer's full knowledge or consent.  This bill seeks to address this problem by requiring clear disclosures and affirmative acts of customer consent.  The author states:

> It has become increasingly common for consumers to complain about unwanted charges on their credit cards for products or services that the consumer did not explicitly request or know they were agreeing to.  Consumers report they believed they were making a one-time purchase of a product, only to receive continued shipments of the product and charges on their credit card.  These unforeseen charges are often the result of agreements enumerated in the 'fine print' on an order or advertisement that the consumer responded to.  The onus falls on the consumer to end these product shipments and stop the unwanted charges to their credit card.

As noted in the author's background material, this bill was prompted in part by an investigation brought by the attorneys general of 23 states, including California, against Time, Inc.  The investigations found that subscribers to several magazines published by Time, Inc. were discovering that their subscriptions were automatically renewed even though the customers claimed that they had never knowingly consented to the renewals.  In 2006, the investigation resulted in a settlement agreement between the Attorneys General and Time that requires Time to more clearly disclose renewal terms and ensure that the consumer take some affirmative step to acknowledge consent or rejection of the automatic renewal offer.  According to the author, the specific disclosure and consent requirements in this measure are modeled after, though not identical to, those set forth in the Time settlement.

ARGUMENTS IN SUPPORT:  According to the California Public Interest Research Group (CALPIRG), "this bill will help ensure that consumers only get into an ongoing subscription if they want to."  According to the Consumer Federation of California, this measure will curb deceptive marketing practices that are used to sell everything from magazine subscriptions to "free trial" offers that lock consumers into an ongoing purchase agreement.  Supporters generally

LEGISLATIVE INTENT SERVICE     (800) 666-1917

Exhibit 2
Page 10

contend that this is a straightforward measure reflecting the basic premise that consumers deserve to know the terms and conditions to which they are agreeing.

<u>Author's Technical Amendments</u>:  The author wishes to take the following technical and clarifying amendments:

- On page 4 after line 9 insert:

*(e) "Consumer" means any individual who seeks or acquires, by purchase or lease, any goods, services, money, or credit for personal, family, or household purposes.*

- On page 4 line 32 and on page line 16 change "customer" to "consumer"


<u>PRIOR LEGISLATION</u>:  AB 88 (Chapter 77, Stats. of 2003) provides that a contract for a good or service that is made in connection with a telephone solicitation is unlawful if the telemarketer is in violation of a recent Federal Trade Commission (FTC) rule requiring that the seller obtain specified information and express consent directly from the consumer and, under certain circumstances, maintain a recording of the call.  (This present bill would similarly require that automatic renewal offers made over the telephone comply with federal telephonic marketing regulations.)

<u>REGISTERED SUPPORT/OPPOSITION</u>:

<u>Support</u>:

California Alliance for Consumer Protection
California Public Interest Research Group (CALPIRG)
Consumer Federation of California

<u>Opposition</u>:

None on file


<u>Analysis Prepared by</u>:   Thomas Clark / JUD. / (916) 319-2334

Exhibit 2
Page 11

Exhibit 3



Exhibit 3

Page 12

Exhibit 4



## Explore the world's largest online family history resource – FREE for 14 days.†

**Choose a membership to try.** There's no risk – you'll only be billed if you decide to keep your membership after your free trial.

| | Monthly membership | 6-month membership |
|---|---|---|
| **U.S. Discovery**<br>Access all U.S. records on Ancestry | $24.99<br>after free trial | SAVE $50*<br>$99<br>after free trial |
| **World Explorer**<br>Access all U.S. & international records on Ancestry | $39.99<br>after free trial | SAVE $90**<br>$149<br>after free trial |
| **All Access**<br>Get full membership to:<br>• Ancestry<br>• Newspapers.com Basic‡<br>• Fold3.com | $49.99<br>after free trial | SAVE $100§<br>$199<br>after free trial |

**Start FREE trial**

Subscribe or cancel any time by calling **1-800-ANCESTRY**

(7 days a week, 9am-11pm ET)

Exhibit 5



Exhibit 5
Page 14

Exhibit 6



Exhibit 6
Page 15

Exhibit 7



## Your Order Summary (1)

**14-Day Free Trial**                                          $0.00
**U.S. Discovery Membership**
14 days free, then $24.99/month

## 1. Account                                    [Sign out]

Member since May 4, 2020

## 2. Payment & Address

We'll use your payment details to provide continued service after your trial
ends. You can cancel at any time and you will not be charged until your trial is
complete.

REDACTED

## 3. Review

**14-Day Free Trial**                                          $0.00
**U.S. Discovery Membership**
14 days free, then $24.99/month

Total                                                          $0.00

By clicking "Order now" I have read and agree to the Renewal and Cancellation Terms. ⌄

[🔒 Order now]

Exhibit 7
Page 16

Exhibit 8



## Thank you for your order!

### Order Summary

| | |
|---|---|
| **U.S. Discovery Membership**<br>14 days free, then $24.99/month | **$0.00** |
| **Total** | **$0.00** |

**Billing Address**

REDACTED

### Order Confirmation

Print

Your confirmation number is

A confirmation email will be sent to

### Next Step

1 2 3

**Step 1: Begin Your Family Tree**

Tell us what you know about your family and we'll tell you what you don't know.

Start

### Privacy

View Privacy Policy

Privacy is important to us. Living people in your tree can't be seen by other users.

×

ancestry

**Ancestry would love to hear your feedback and you earn $5 gift card**

Ancestry.com wants to ensure our subscribers have the best experience possible, and the first step is to hear from new subscribers like yourself before you dive in and start using Ancestry.com. If you qualify and complete this survey, we will send you a **$5 Amazon.com gift code** as a thank you.

As part of the ***New Member Panel***, you will have the opportunity to participate in up to 3 short surveys at key points during your first few months as a subscriber (after 30, 60, and 90 days). Each future survey that you complete will enter you in a drawing to win **one of three $100 Amazon.com gift codes**.

Your feedback could help improve your Ancestry experience.

Continue

Exhibit 9



**Antonio**

★★★★★

05/10/2020

Ancestry.com FREE TRIAL IS A SCAM Credit card information. I signed up for a "Free" week trial, i cancelled my subscription. i was charged regardless of having cancelled the subscription(AND ITS A REOCURING CHARGE), on top of that i got an overdraft fee because i wasn't expecting a charge that I didn't make DONT TRUST ANCESTRY.COM WITH YOUR CREDITCARD SCAM

Exhibit 9
Page 18

Exhibit 10

**Complaint Type:** Billing/Collection Issues     **Status:** Resolved ⓘ



05/05/2020

For two years, I have just discovered, a charge has been made to my bank account for something called ANC archives.com. Research showed me this is some kind of charge from ancestry.com and I have never agreed to it. I have cancelled my debit card so that they can no longer charge me but I have been charged $ 10.78 per month since January of 2019.

Exhibit 10
Page 19

Exhibit 11

**Complaint Type:** Billing/Collection Issues     **Status:** Answered ⑦



04/29/2020

I was not notified that my subscription was going to be renewed and I do not authorize this use of my American express card by this company. I notified the company immediately upon seeing the charge on my account. Upon contact, the merchant refused to provide a refund. At no point did I sign, agree, accept any terms and conditions that would not allow me to cancel a subscription within a reasonable time frame. I cannot even remember the last time I used their services and their refusal to provide a refund after timely discovery of their charge is disgusting. **** *******

Exhibit 11
Page 20

Exhibit 12

**Complaint Type:** Billing/Collection Issues      **Status:** Resolved ⓘ



04/23/2020

Last year I signed up for a trial to ancestry.com. Within the cancellation period, I cancelled it. After this point, I have never accessed or used their website - their login information should show that. I have also never received any sort of communication from their company, whether saying I have a subscription. an invoice, or any other email. Yet they started charging my credit card 19.99 every month between Aug, 2019 through April 2020. I have tried to cancel it again and hopefully this stops charging the credit card. The customer service rep said that she agreed but she was unable to do anything and herself recommended that I dispute with the credit card company (which is difficult right now due to decreased staff during this time). I also searched online and this issue has been faced by many customers, including many here on BBB website.

Exhibit 12
Page 21

Exhibit 13

**Complaint Type:** Billing/Collection Issues     **Status:** Resolved ⑦



04/20/2020

I recently notice a charge on my credit card for a service I had not purchased. When I contacted my bank they told me the same amount had been charged to my account 5 times. I only notice the charge because my account was at a zero balance this month and knew I had not made any additional charges. I visited Ancestry.com in December but did not join, nor did I request any information from the ANC Archives.com ... since I am not of African decent. After some research I found that others had been charged $9.99 from this entity and had not requested their services. I believe this is a fraudulent company hacking people who visit Ancestry.com

Exhibit 13
Page 22

Exhibit 14

**Complaint Type:** Billing/Collection Issues     **Status:** Resolved ⑦



04/17/2020

Without notice they charged my Paypal account $104 for a renewal of service. I never signed up for any annual service. I only used their dna kit. As soon as they charged me without notice, I contacted them well within the 7 day period. They waitingtill the full seven days had passed before reaching back to me to say they do not issue refunds. This company is a scam. How do you get away with charging people for services they will never perform. They still refuse to refund me and I am seeking legal remedy as well. Avoid this company at all cost.

Exhibit 14
Page 23

Exhibit 15

**Complaint Type:** Problems with Product/Service    **Status:** Answered ⑦

04/16/2020



I have been charged several months from a bogus company called anc.ancestry.com this is a service I did not sign up for so some how they hacked my credit card number and started charging me $9.99 a month. I contact the bbb in Utah and feel they weren't much help to get my money back. I've been scammed and I feel I'm not being helped as a victim or fraud.

Exhibit 15
Page 24

Exhibit 16

**Complaint Type:** Billing/Collection Issues    **Status:** Answered ⑦



04/03/2020

While reviewing my bank statement I saw a charge to Ancestry that I did not authorize. I have NEVER been an Ancestry customer or took part in any free trials. My husband tried the free trial many years ago (5/2016) although, cancelled it within the specified time frame. Therefore, the company had our information at one time. I provided the customer service representative my husband's demographics at the time of his free trial - she claimed that she did not have any record of him. She verified that we both do not have an account but, when asked to credit my account for $107.29 she REFUSED to do so. I spent hours on the phone to rectify this problem and did not get anywhere. I informed the customer Representative that I am reporting them to the BBB. ******** ***** ******* on behalf of ***** *******

Exhibit 16
Page 25

Exhibit 17



**Report: #1493218**

# Complaint Review: Ancestry -

Don't let them
Get away with it!

Make sure they make
the Ripoff Report!

- **Submitted:** Mon, March 23, 2020   **Updated:** Mon, March 23, 2020
- **Reported By:** Stan — Canton United States

- **Ancestry**
  United States
- **Phone:** 1-800-615-6560
- **Web:** ancestry.com
- **Category:** 6 month trial, turns into charging your credit card every 6 months

**Ripoff Report**

Bogus Celebrity
Advertisements
FACE & Skin
CREAM Ripoff!
Don't click on those
slick Ads!

Phony Ad using Ellen DeGeneres
& hundreds of other A-list Stars...

Celebrity Skin Cream wrinkle
cream rip-off advertisements
US Based and Foreign
companies bilked consumers
out of Hundreds of Millions of
dollars over the past 7 years

WHAT IS YOUR STORY?
ARE YOU A VICTIM?
FORMER EMPLOYEE?

WE WANT TO HEAR IT!
Contact Our Team Now!
CLICK HERE

What the BBB has done to
consumers for over 100 years is one
of the many reasons why Ripoff
Report was created.

## Ancestry I never authorized anyone to auto renewal, but Ancestry.com does anyway. It's their policy to grab you for $149.00 every 6 months!

🖨 ✉ 👍 Like 0    🐦 Tweet

**REBUTTAL BOX™ | Respond to this Report! | Consumer Comment** ⑦

Repair your reputation the right way
**Corporate Advocacy Program** ⑦
Show customers why they should trust your business over your competitors...

Add Rebuttal to this Report    ⑦          File New Report    ⑦

I purchased a 6 month trial offer from Ancestry.com, March 2019, paid for by credit card, I requested not to keep the card on file and I never authorize automatic renewals.  I was renewed in Sept 2019, I didn't catch it on my statement (my bad), was again renewed March 2020.  Caught it!

← Is this **Ripoff Report** About you? **Click here now..**

Of course they won't refund me for the Sept renewal even though I didn't used it.  No one should have to be auto renewed by ant company regardless of product especially when they requested not to be!

Exhibit 17
Page 26

Exhibit 18



 **Tim of Chula Vista, CA**   ✔ Verified Reviewer

Original review: Nov. 7, 2019

Signed up for one month to confirm results made by another DNA lab, results were the same so I canceled the account only to find Ancestry debited my account for another month. Contacted Ancestry by phone (what a experience). Automated system could not find my account even after submitting 3X. Finally was transferred to someone who claims he couldn't find my cancellation, which was confirmed by an email from Ancestry trying to keep me active (save this email, you will need it). After 18 minutes on the phone I was given a confirmation number that confirms my account being cancelled... (TBD).

Exhibit 18
Page 27

# EXHIBIT 2

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

James T. Hannink (131747); Zach P. Dostart (255071)
DOSTART HANNINK & COVENEY LLP
4180 La Jolla Village Dr., Ste. 530, La Jolla, CA 92037

TELEPHONE NO.: (858) 623-4200     FAX NO. (Optional): (858) 623-4299

ATTORNEY FOR (Name): Plaintiff Marta Carrera Chapple

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Chapple v. Ancestry.com Operations Inc.

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/24/2020** at 12:23:01 PM

Clerk of the Superior Court
By Taylor Crandall,Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2020-00021807-CU-BT-CTL |
| | | JUDGE: Judge Kenneth J Medel |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): 1) False Advertising; 2) Violation of CLRA; and 3) Unfair Competition

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 24, 2020

Zach P. Dostart
(TYPE OR PRINT NAME)
    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

# EXHIBIT 3

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/24/2020** at 12:23:01 PM
Clerk of the Superior Court
By Taylor Crandall,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
 ANCESTRY.COM OPERATIONS INC., a Virginia corporation; and
 DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 MARTA CARRERA CHAPPLE, individually and on behalf of all others
 similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Diego Superior Court 330 West Broadway San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):* 37-2020-00021807-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James T. Hannink (131747); Zach P. Dostart (255071); DOSTART HANNINK & COVENEY LLP
4180 La Jolla Village Dr., Ste. 530, La Jolla, CA 92037; Tel: (858) 623-4200

DATE:
*(Fecha)* 06/25/2020                                             Clerk, by *T. Ceandace* , Deputy
                                                               *(Secretario)*   T. Crandall   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear**
**This Form button after you have printed the form.**

# EXHIBIT 4

1   JAMES T. HANNINK (131747)
    jhannink@sdlaw.com
2   ZACH P. DOSTART (255071)
    zdostart@sdlaw.com
3   DOSTART HANNINK & COVENEY LLP
    4180 La Jolla Village Drive, Suite 530
4   La Jolla, California 92037-1474
    Tel:  858-623-4200
5   Fax: 858-623-4299

6   Attorneys for Plaintiff

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/24/2020** at 12:23:01 PM

Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SAN DIEGO

10

11  MARTA CARRERA CHAPPLE,                CASE NO.   37-2020-00021807-CU-BT-CTL
    individually and on behalf of all others
12  similarly situated,                   **DECLARATION OF MARTA CARRERA
                                          CHAPPLE PURSUANT TO CALIFORNIA
13              Plaintiff,                 CIVIL CODE SECTION 1780(d)**

14  vs.

15  ANCESTRY.COM OPERATIONS INC.,
    a Virginia corporation; and
16  DOES 1-50, inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

I, Marta Carrera Chapple, declare as follows:

1.     I submit this declaration pursuant to Section 1780(d) of the Cal. Civ. Code.

2.     Defendants have done and are doing business in San Diego County, including the marketing of memberships to their genealogical websites.  All of the business I have had with defendants took place while I was within San Diego County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on _____4/28/2020_____, at Oceanside, California.

DocuSigned by:

_Marta M [signature]_

9B2B416E6ECF4E2...

_____

MARTA CARRERA CHAPPLE

917041.1

# EXHIBIT 5

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

| PLAINTIFF(S) / PETITIONER(S): | Marta Carrera Chapple |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Ancestry.com Operations Inc |

CHAPPLE VS ANCESTRY.COM OPERATIONS INC [E-FILE]

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER:<br>37-2020-00021807-CU-BT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Kenneth J Medel                                    Department: C-66

## COMPLAINT/PETITION FILED: 06/24/2020

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 04/30/2021 | 08:30 am | C-66 | Kenneth J Medel |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

## NOTICE OF CASE ASSIGNMENT

# EXHIBIT 6

| Attorney or Party without Attorney: | | | For Court Use Only |
|---|---|---|---|
| James T. Hannink, Esq.<br>Dostart Hannink & Coveney LLP<br>4180 La Jolla Village Drive<br>Suite 530<br>La Jolla, CA  92037<br>*Telephone No:* 858-623-4200 | | | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>07/02/2020 at 01:41:00 PM<br>Clerk of the Superior Court<br>By E- Filing, Deputy Clerk |
| | | *Ref. No. or File No.:* | |
| *Attorney for:* Plaintiff | | | |
| *Insert name of Court, and Judicial District and Branch Court:* | | | |
| San Diego County Superior Court | | | |
| *Plaintiff:* Marta Carrera Chapple, et al. | | | |
| *Defendant:* Ancestry.com Operations Inc., et al. | | | |

| **PROOF OF SERVICE**<br>**Summons & Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37202000021807CUBTCTL |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment; Declaration of Marta Carrera Chapple Pursuant to California Civil Code Section 1780(d); ADR Information; Stipulation to Use ADR (blank); ECF Requirements; General Order of the Presiding Department #010120-22

| *3. a. Party served:*<br>*b. Person served:* | Ancestry.com Operations Inc., a Virginia corporation<br>Peter Cayetano, Service of Process Intake Clerk |
|---|---|
| *4. Address where the party was served:* | C T Corporation<br>818 W. 7th Street<br>Suite 930<br>Los Angeles, CA  90017 |

*5. I served the party:*
  a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon., Jun. 29, 2020 (2) at: 1:45PM
*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
  on *behalf of:* Ancestry.com Operations Inc., a Virginia corporation
  Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*
  a. Douglas Forrest
  b. **Class Action Research & Litigation**
    P O Box 740
    Penryn, CA  95663
  c. (916) 663-2562, FAX (916) 663-4955

        Recoverable Cost Per CCP 1033.5(a)(4)(B)
  d. *The Fee for Service was:*  $107.75
  e. I am: (3)  registered California process server
    *(i)*  Independent Contractor
    *(ii)*  *Registration No.:*  5141
    *(iii)*  *County:*      Los Angeles

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

  Date: *Mon, Jun. 29, 2020*

Judicial Council Form POS-010        **PROOF OF SERVICE**        (Douglas  Forrest)      *do07.207864*
Rule 2.150.(a)&(b) Rev January 1, 2007    Summons & Complaint

# EXHIBIT 7

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Shon Morgan (Bar No. 187736)
2  shonmorgan@quinnemanuel.com
   John Baumann (Bar No. 288881)
3  jackbaumann@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
   Telephone:    (213) 443-3000
5  Facsimile:    (213) 443-3100

6   Attorneys for Defendant Ancestry.com Operations Inc.

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF SAN DIEGO**

10  MARTA CARRERA CHAPPLE, individually    | Case No:  37-2020-00021807-CU-BT-CTL
    and on behalf of all others similarly situated;
11                                         | **NOTICE TO ADVERSE PARTY OF**
                                           | **REMOVAL OF ACTION TO FEDERAL**
12              Plaintiff,                 | **COURT**

13          vs.                            |  Judge:  Hon. Kenneth J Medel
                                           |  Dept.:   C-66
14  ANCESTRY.COM OPERATIONS, INC., a
    Virginia corporation, and DOES 1-50,
15  inclusive,

16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Southern District of California on July 29, 2020.  A true and correct copy of said Notice of Removal is attached to this Notice as Exhibit A.

DATED: July 29, 2020                     QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


By  _____
    Shon Morgan
    Attorneys for Defendant Ancestry.com
    Operations Inc.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On July 29, 2020, I served true copies of the following documents described as: **NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT** on the interested parties in this action as follows:

> James T. Hannick
> jhannick@sdlaw.com
> Zach P. Dostart
> zdostart@sdlaw.com
> DOSTART HANNICK & COVENEY LLP
> 4180 La Jolla Village Drive, Suite 530
> La Jolla, California 92037-1474

**BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from jackbaumann@quinnemanuel.com on July 29, 2020, by transmitting a PDF format copy of such document(s) to each such person at the email address listed below their address(es).  The document(s) was/were transmitted by electronic submission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 29, 2020, at Los Angeles, California.


/s/ John Baumann_____
John Baumann

1

## **PROOF OF SERVICE**

2

      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

3

4

      On July 29, 2020, I served true copies of the following documents described as: **NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT** on the interested parties in this action as follows:

5

6

7

James T. Hannick
jhannick@sdlaw.com
Zach P. Dostart
zdostart@sdlaw.com
DOSTART HANNICK & COVENEY LLP
4180 La Jolla Village Drive, Suite 530
La Jolla, California 92037-1474

8

9

10

11

**BY MAIL:**  I caused the documents to be enclosed in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and caused the envelope or package to be placed for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of  Quinn Emanuel Urquhart & Sullivan, LLP for collecting and processing correspondence for mailing.  As a result of COVID-19 stay-at-home orders, every Tuesday and Friday correspondence placed for collection and mailing is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope will be placed in the mail at Los Angeles, California.

12

13

14

15

16

17

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19

      Executed on July 29, 2020, at Los Angeles, California.

20

21

/s/ John Baumann_____
John Baumann

22

23

24

25

26

27

28

Case No:  Case No:  37-2020-00021807-CU-BT-CTL

-3-

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT